```
        UNITED STATES DISTRICT COURT FOR THE
           MIDDLE DISTRICT OF PENNSYLVANIA
```

VASILIY O. ROMANISHYN,        :
                              :
                              :
            Petitioner        :    CIVIL NO. 1:CV-05-00637
                              :
      vs.                     :    (Judge Caldwell)
                              :
COMMONWEALTH OF               :
PENNSYLVANIA, *et al.*,       :
                              :
            Respondents       :


*M E M O R A N D U M*

I.   *Introduction*.

    Vasiliy O. Romanishyn has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions, among others, in the Court of Common Pleas of York County, Pennsylvania, for five counts of burglary after pleas of guilty. He was sentenced to eight to twenty-three months of incarceration. As grounds for relief, Petitioner argues, among other things, that his trial counsel was ineffective for failing to investigate hearsay statements of various witnesses and for not advising him that he would be deported as a consequence of his guilty pleas.

    Romanishyn is a native of Ukraine and became a permanent resident alien after coming to the United States with his family in 1996. He is under a final order of removal from

federal immigration authorities based on his York County convictions and another conviction for burglary in the Court of Common Pleas of Cumberland County, Pennsylvania.[1]

Respondents argue that the petition should be denied because Petitioner failed to meet the one-year statute of limitations for filing a 2254 petition and because he failed to exhaust state-court remedies. We agree with Respondents that the petition is untimely and will therefore deny it on that basis without considering the exhaustion issue.[2]

II.   *Background*.

As relevant to the disposition of this petition, the record reveals the following. On July 1, 2003, Petitioner was sentenced on his York County convictions. He took no direct

---

[1] On April 5, 2005, Romanishyn, assisted by counsel, filed a petition in this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the order of removal. *See Romanishyn v. Chertoff*, No. 4:CV-05-0687 (M.D. Pa.)(Jones, J.). That petition was transferred to the Third Circuit, where it is currently pending. *See Romanishyn v. Attorney General*, No. 05-3141 (3d Cir.).

[2] Respondents also argue that we have no jurisdiction over the petition because Petitioner was released from confinement to parole on January 30, 2004. We do not rely on this argument because parole is still custody for habeas purposes, *see Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004), and this petition was filed before April 21, 2005, the "maximum" date of Petitioner's sentence.

appeal.  Petitioner's minimum sentence date expired on December 7, 2003.  "[W]hen the day came close, he received the detainer" from the federal government based on his convictions.  (Doc. 9, amended 2254 petition, p. 2).  On September 1, 2004, an immigration judge ordered his removal, and on February 18, 2005, the Board of Immigration Appeals affirmed.  (Doc. 1, 2241 petition, ¶¶ 12 and 14, *Romanishyn v. Chertoff*, No. 4:CV-05-0687 (M.D. Pa.).

On March 2, 2005, Petitioner filed a petition in York County under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541-9546, challenging his convictions on essentially the same grounds as presented here.  On April 23, 2005, the trial court dismissed the petition for being untimely under state law.[3]  Petitioner did not appeal the denial.  These 2254 proceedings were started on March 28, 2005, using the date Petitioner avers he gave the petition to prison authorities for mailing.[4]

---

[3] Under section 9545(b)(1), defendants only have one year to file a PCRA petition from the date the judgment becomes final.  The trial court used July 1, 2003, the date of sentencing, as the starting date.

[4] Under the prison mailbox rule, prisoner filings are considered filed on the date the prisoner certifies they were placed in the prison mail system for mailing.  *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  We will assume that the same rule applies to a detainee.

III.  *Discussion*.

There is a one-year statute of limitations for filing a 2254 petition.  In relevant part, it reads as follows:

> **(d)(1)** A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   . . . . or
>
>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) and (D).

Respondents' argument that the petition is time-barred is based on starting the period from the date Petitioner's conviction became final, July 31, 2003, the date the thirty-day period for taking a direct appeal under Pennsylvania law expired.  Under this analysis, the one-year limitations period

4

ended on August 2, 2004, well before the filing date of March 28, 2005.[5]

We agree that the petition is time-barred, even if we assume that subsection 2244(d)(1)(D) applies here. That subsection starts the limitations period from the date a petitioner could have first discovered the factual predicate of his claim. Arguably, Petitioner may not have been able to discover the factual predicate for his claim that counsel failed to tell him of the immigration consequences of his convictions until December 7, 2003, the date Petitioner informs us came closely after he received the detainer from federal immigration authorities based on his convictions.[6] Assuming that Petitioner could only have discovered on that date the factual predicate of his claim,[7] Petitioner still had to file his petition by

---

[5] July 31, 2004, was a Saturday, so the deadline would have fallen on the following Monday. *See* Fed. R. Civ. P. 6(a); *Wilson v. Beard,* 426 F.3d 653, 662 n.6 (3d Cir. 2005) (Rule 6(a) applies to the calculation of the one-year limitations period for 2254 petitions)(collecting cases).

[6] The statute of limitations applies on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). We use the December 7 date only because it clearly shows all the claims are untimely.

[7] The date was probably earlier. In its response to the 2341 petition, the government attached an exhibit indicating that it served Petitioner with the immigration documents on October 27, 2003. (Doc. 14, *Romanishyn v. Chertoff*, No. 4:CV-05-0687 (M.D. Pa.).

December 7, 2004. Thus, even under this later deadline, his petition is untimely.[8]

IV.   *Conclusion*.

We will issue an order dismissing the 2254 petition as time-barred. We will also deny a certificate of appealability, based on the above analysis. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

Date: November 17, 2005

---

[8] We also note that, as Respondents argue, the PCRA petition could not have tolled the limitations period, *see* 28 U.S.C. § 2244(d)(2), since the state-court petition was not filed until that period had expired.

6

```
            UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


VASILIY O. ROMANISHYN,          :
                                :
                                :
              Petitioner        :   CIVIL NO. 1:CV-05-00637
                                :
         vs.                    :   (Judge Caldwell)
                                :
COMMONWEALTH OF                 :
PENNSYLVANIA, et al.,           :
                                :
              Respondents       :
```

*O R D E R*

AND NOW, this 17th day of November, 2005, it is ordered that:

    1. The amended petition (doc. 9) under 28 U.S.C. § 2254 is dismissed as untimely.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge